O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    CV 14-2188-DOC(JPRx)                    Date:  March 26, 2014

Title: HAROLD R. NORTON V. UNKNOWN WARDEN

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

|     Julie Barrera     |     Not Present     |
| :---: | :---: |
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| :---: | :---: |
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER [2] AND DENYING MOTION FOR EXPEDITED HEARING [3]**

  Before the Court is Petitioner's Motion for a Temporary Restraining Order ("TRO") (Dkt. 2) and Petitioner's Motion for Expedited Hearing (Dkt. 3) on his motion for relief under 28 U.S.C. § 2241 (Dkt. 1) ("Motion). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Respondent has not filed anything in this matter. After evaluating Petitioner's moving papers, the Court DENIES both motions.

### I.  Background

  Petitioner Harold Norton ("Petitioner") is presently in the custody of the Bureau of Prisons ("BOP"). *See* Motion at 2. He is serving a thirty-three month sentence with a release date of September 8, 2014. *See* Motion at 2, 6. Petitioner brought the underlying

§ 2241 motion on March 21, 2014, requesting that the Court order him transferred to a residential re-entry center ("RRC") for the remaining six months of his sentence.

Petitioner states in his Motion that his counselor initially recommended 90-120 days of RRC placement. The counselor later added a prerequisite that Petitioner obtain his GED before being referred to RRC, however. When Petitioner objected that he did not have time to finish GED coursework and that there was no legal requirement that he complete his GED before RRC, the counselor became upset and told Petitioner that the counselor would not submit the RRC paperwork unless Petitioner completed his GED.

Petitioner argues that he must be transferred to RRC immediately because: (1) the failure to place him in RRC despite his counselor's recommendation is an "illegal execution" of his sentence; (2) that his counselor added a belated requirement that petitioner complete his GED before transferring to RRC; and (3) that BOP has not implemented an incentive program meeting the requirements of 42 U.S.C. § 17541.

Petitioner filed the instant motions for a Temporary Restraining Order and Motion for Expedited hearing on March 21, 2014. The motions request immediate relief or an expedited hearing to prevent his claim from becoming moot in light of his September 2014 release date.

## II.    Legal Standard

In the Ninth Circuit, a plaintiff is entitled to a temporary restraining order if he or she satisfies either of two tests: (1) the *Winter* factor test; or (2) the "sliding scale" test, also referred to as the "serious questions" test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The sliding scale test requires a slightly weaker showing of success on the merits to be outweighed by strong equitable considerations. *See id.* 632 F.3d at 1134-35.

Under the *Winter* factor test, a plaintiff is entitled to a preliminary injunction if she establishes that: (1) she is "likely to succeed on the merits"; (2) the "balance of equities tips in [plaintiff's] favor"; (3) she is "likely to suffer irreparable harm in the absence of preliminary relief"; and (4) a preliminary injunction is in the public interest. *Winter*, 555 U.S. at 20; *Save Our Sonoran, Inc. v. Flowers*, 408 F.3d 1113, 1120 (9th Cir. 2005).

Under the sliding scale test, a plaintiff is entitled to a preliminary injunction if she establishes: (1) "serious questions going to the merits"; (2) "a balance of hardships that tips sharply towards the plaintiff"; (3) "a likelihood of irreparable injury"; and (2) a

preliminary injunction is in the public interest. *Alliance for the Wild Rockies*, 632 F.3d 1127, 1135 (9th Cir. 2011) (noting that the last two factors are identical to two of the factors in *Winter*). While the test "requires the plaintiff to make a showing on all four prongs," the showing need not be equally strong. *See id.*Petitioner does not address these factors in his motion for a temporary restraining order. Petitioner does state that he is less than six months from his projected release date, and so "time is of the essence" to avoid rendering his claim moot. Petitioner's § 2241 motion states his release date as September 8, 2014.

### III.   Discussion

Petitioner's claims show a low likelihood of success on the merits and minimal evidence of serious questions going to the merits. Placement in an RRC is at the discretion of the BOP, and Petitioner is not entitled to such a placement as a matter of right. *See United States v. Laughlin*, 933 F.2d 786, 789 (9th Cir. 1991); *cf. McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). It is also not clear that this Court may review a discretionary decision by BOP regarding when and under what circumstances Petitioner is sent to RRC. *See Reeb v. Thomas*, 636 F.3d 1224, 1227 (9th Cir. 2011) ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court.").

To the extent Petitioner alleges retaliation, the claim appears weak. Petitioner's § 2241 motion states that *after* Petitioner's counselor told Petitioner a GED requirement would be added, Petitioner objected to that addition. At that point, the counselor reportedly became upset and stated that Petitioner would not be referred to the RRC before completing his GED. The retaliation inference is weak, given that these facts suggest that the counselor had already decided to apply the GED requirement before the counselor became upset about Petitioner's objection.

Finally, Petitioner's allegation that the BOP has failed to institute any program that fulfills Congress's mandate to establish an incentive program is unsupported and weak. The statute broadly directs BOP to establish such a program. *See* 42 U.S.C. § 17541(a) ("The Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to the availability of appropriations, conduct the following activities to establish a Federal prisoner reentry initiative."). Petitioner baldly states that

BOP "has not implemented the incentive program," with no discussion of the inadequacy of present programming or other basis for finding such a failure.  There is thus a low likelihood of success on Petitioner's claims on the present record.  This analysis also shows that there is no evidence that the balance of interests tips sharply in Petitioner's favor.  This factor therefore weighs against a TRO.

There is also minimal evidence of irreparable harm.  No allegations of irreparable harm are made in Petitioner's request for a TRO.  Petitioner will not serve a longer sentence if his RRC time is reduced or eliminated, nor will his conviction or supervised release status appear to change.  The Court has no basis on which to find irreparable harm.  This factor therefore weighs against a TRO.  The Court is not aware of, nor does Petitioner argue, any public or other interest that weighs in favor of granting a TRO in this case.  The balance therefore tips against granting a TRO in this case.

Petitioner also mentions in his TRO Motion that submitting the Petitioner to RRC should "include a determination under 18 U.S.C. § 3624(c) and 42 U.S.C. § 17541(a)(1)(G)."  TRO at 1.  There is no mention of this argument in Petitioner's § 2241 motion.  It also appears that Petitioner did receive some level of individual consideration, suggesting an unclear likelihood of success on the merits at best.  The Court can find no basis to grant expedited hearing or a TRO on the mention of these claims.

## IV.    Disposition

Petitioner's Motion for a Temporary Restraining Order is therefore DENIED.  The motion for expedited hearing states that it relies on the grounds set out in the petition, and so it is DENIED according to the above analysis.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11

CIVIL-GEN                                        Initials of Deputy Clerk: jcb